IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| JUDY HAWTHORNE, JOHN CHRISTOFF, SUE MOSS, CHARLOTTE FOSTER AND MARSHA JOHNSON, Plaintiffs<br><br>v.<br><br>UNION SQUARE FEDERAL CREDIT UNION, Defendant. | Civil Action No._____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. Preliminary Statement

1. Plaintiffs Judy Hawthorne, John Christoff, Sue Moss, Charlotte Foster and Marsha Johnson ("Plaintiffs") bring this action under § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a) as participants and beneficiaries of the Retirement Plan, as amended and restated effective as of or around April 21, 1988 (the "Plan"), put in place by Defendant Union Square Credit Union f/k/a Union Square Federal Credit Union ("Defendant"). This action seeks declaratory, injunctive, and equitable relief and attorney's fees and costs for Defendant's wrongful interference with Plaintiffs' rights to certain benefits under the Plan. Plaintiffs allege the following based upon their personal knowledge and a review of available documents governing the Plan's operation.

## II. Jurisdiction

2.     This action arises in part under the Employee Retirement Income Security Act, 29 U.S.C.A. § 1132, and federal and state common law.   This court has federal question jurisdiction pursuant to 29 USCA § 1132(e)(1).

3.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C.A. §§ 2201, 2202 and 29 U.S.C.A. §1132.

4.     Costs and attorney's fees may be awarded pursuant to 29 U.S.C.A. § 1132(g) and Fed. R. Civ. P. 54.

## III. Venue

5.     This action properly lies in the Northern District of Texas, Wichita Falls Division, pursuant to 28 U.S.C.A. § 1391(b) and 29 U.S.C.A. § 1132(e)(2).

## IV. Parties

6.     Plaintiff Judy Hawthorne is a citizen and resident of the United States and Wichita County, Texas, and had participated as an employee of Defendant in the Plan provided to Defendant's employees.

7.     Plaintiff John Christoff is a citizen and resident of the United States and Wichita County, Texas, and had participated as an employee of Defendant in the Plan provided to Defendant's employees.

8.     Plaintiff Sue Moss is a citizen and resident of the United States and Wichita County, Texas, and had participated as an employee of Defendant in the Plan provided to Defendant's employees.

9.     Plaintiff Charlotte Foster is a citizen and resident of the United States and Wichita County, Texas, and had participated as an employee of Defendant in the Plan provided to

Defendant's employees.

10. Plaintiff Marsha Johnson is a citizen and resident of the United States and Wichita County, Texas, and had participated as an employee of Defendant in the Plan provided to Defendant's employees.

11. Defendant is a credit union with its principal place of business in Texas, located at 1401 Holliday, Wichita Falls, Texas 76301. Defendant does business in this judicial district, and may be found in this district. Defendant may be served with process by serving its President, John Barad, at 1401 Holliday, Wichita Falls, Texas 76301.

12. On information and belief, at all relevant times, Defendant was the Plan's sponsor and exercised control over the Plan's operation.

## V. Facts

13. Defendant is an employer who provided as a benefit for its employees retirement benefits ("Retirement Benefits") consisting of continued payment of money for life after retirement for the retired employee's premiums for life insurance, dental coverage, and group health coverage. The Retirement Benefits were governed by the Plan, which essentially consisted only of a policy in the company handbook. Many of the Plaintiffs were involved in creating and implementing the Plan.

14. Plaintiff Judy Hawthorne began working for Defendant in or about the year 1966, and worked continuously for Defendant for forty (40) years until Plaintiff retired effective March 15, 2006. She held the position of Assistant Vice President/Corporate Secretary/Leasing Manager when she retired.

15. Plaintiff John Christoff began working for Defendant in or about the year 1970, and worked continuously for Defendant for thirty five (35) years until Plaintiff retired effective June

15, 2005.  He held the position of Executive Vice President when he retired.

16.  Plaintiff Sue Moss began working for Defendant in or about the year 1970, and worked continuously for Defendant for thirty seven (37) years until Plaintiff retired effective September 30, 2007.  She held the position of Assistant Vice President/Lending when she retired.

17.  Plaintiff Charlotte Foster began working for Defendant in or about the year 1970, and worked continuously for Defendant for thirty eight (38) years until Plaintiff retired effective May 31, 2008.  She held the position of Vice President of Operations when she retired.

18.  Plaintiff Marsha Johnson began working for Defendant in or about the year 1974, and worked continuously for Defendant for thirty four (34) years until Plaintiff retired effective July 15, 2008.  She held the position of Assistant Vice President/Loan Officer when she retired.

19.  Plaintiffs' compensation while employed by Defendant included salary, health, disability, and life insurance benefits, and participation in the Plan.

20.  While Plaintiffs were employed by Defendant, Defendant made multiple oral and written representations and promises to Plaintiffs that they would receive the Retirement Benefits for life.  Defendant also accrued and set aside money specifically to fund the Retirement Benefits.

21.  Plaintiffs also consulted with Defendant's human resources personnel regarding the effect of their retirement on their Retirement Benefits.  These personnel represented that Plaintiffs would receive the Retirement Benefits for life.  Specifically, Don Massie, president of Defendant at the time and John Young, Human Resource Director, made representations to Plaintiffs that retirees would receive Retirement Benefits for life.  Just before she retired in 2008, Charlotte Foster also specifically asked her supervisor, Jeff Gladu, and the new president, John Barad, and both confirmed this benefit would be available for life.  The other Plaintiffs received similar assurances before they retired.

22. Plaintiffs were induced to retire in reliance upon these oral and written representations concerning Plaintiffs' rights to Retirement Benefits upon retirement. All Plaintiffs retired before March 2009.

23. In a blatant violation of its fiduciary duties under ERISA and without notice to Plaintiffs, after Plaintiffs retired Defendant sent a notice in September 2015 that it would cancel the Retirement Benefits to the Plan participants and beneficiaries effective December 31, 2015. As a result, the affected participants and beneficiaries have lost and will lose accrued benefits during retirement that had been promised to them for life.

24. Plaintiffs' claims arise from Defendant's illegal conduct in: (a) designing, enacting, and implementing the September 24, 2015 amendment (the "Amendment") to the Plan effective December 31, 2015, (b) failing to provide the Plan's participants and beneficiaries with adequate, timely notice of the Amendment, and (c) violating reporting and disclosure requirements under ERISA with regard to the Plan.

25. The Amendment cancelled Plaintiffs Retirement Benefits. At the time, Plaintiffs received a monthly amount of money equal to 100% of the company cost for a single employee's health premium. However, the Amendment completely eliminated all post-retirement benefits. Although Defendant changed the Plan in 2009 to reserve Defendant the discretion to change the Plan, Defendant did not provide any notice to Plaintiffs who had all already retired in reliance on the benefits continuing for life.

26. Plaintiffs timely appealed the Plan's September 24, 2015 Amendment eliminating their retirement benefits by meeting with Company representatives and objecting in writing to Defendant's Board of Directors. In violation of ERISA, the Plan did not include any formal appeal procedures.

27. In or around March 17, 2016, Plaintiffs made a demand to Defendant for documents relevant to their claim, most or all of which had not been previously provided.

28. Contrary to ERISA § 502(c)(1) and the regulations thereunder which provide that claimants are entitled to receive such information upon request, although the Plan Administrator's counsel provided documents within thirty (30) days, he was unable to provide responsive documents to the extent they do not exist.

29. Furthermore, Defendant never filed an annual report with the Secretary of the Department of Labor nor provided to the participants of the Plan a Summary Plan Description or any copies of the annual reports as required under 29 U.S.C.A. § 1024.

## VI. Causes of Action

### COUNT I
### TO REDRESS DEFENDANT'S VIOLATION OF THE TERMS OF THE PLAN PURSUANT TO SECTIONS 502(a)(1)(B) and (a)(3) OF ERISA

30. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

31. By wrongfully interfering with Plaintiff's valuable Retirement Benefits rights, Defendant has violated ERISA.

32. § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides that: A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

33. § 502(a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3), provides that a civil action may be brought by a participant (A) to enjoin any act or practice which violates any provision of Title I of ERISA or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of Title I of ERISA or the terms of the plan.

34. As a proximate result of Defendant's violations of ERISA, Plaintiffs have been harmed and, *inter alia,* have been deprived of their rights to Retirement Benefits due or to become due.

35. Plaintiffs are entitled to declaratory, injunctive and other equitable relief, including but not limited to an order declaring that Defendants violated ERISA and the regulations thereunder; enjoining Defendants from violating ERISA and the regulations thereunder; and directing Defendants to recalculate Plaintiffs' Retirement Benefits in accordance with ERISA and to immediately credit and/or pay Plaintiffs' Retirement Benefits due plus interest and attorneys' fees and costs.

## *COUNT II*
### TO REDRESS DEFENDANT'S BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA SECTION 502(a)(3)

36. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

37. During the relevant time period, the Defendant acted as a "fiduciary" to Plaintiffs in connection with the Plan for Retirement Benefits, as such term is understood under ERISA § 3(21)(a), 29 U.S.C. § 1002(21)(a).

38. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in relevant part:

> (1) Subject to § 403(c) and (d), § 04042, and § 4044, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and title IV.

39. By the acts and omissions complained of above, Defendant violated its fiduciary

duty of care.

40. As a fiduciary, the Defendant also owes participants and beneficiaries a duty of loyalty, which obligates the Defendant to make decisions solely in the interest of the participants and beneficiaries and to avoid self-dealing or financial arrangements that benefit the Defendant at the expense of the participants and beneficiaries under ERISA § 406, 29 U.S.C. § 1106. The Defendant cannot, for example, make benefit determinations for the purpose of saving money at the expense of beneficiaries.

41. By engaging in the conduct set forth above, the Defendant has violated its duty of loyalty to Plaintiffs. Defendant has done so by making decisions to terminate the funded plan for Defendant's own financial benefit; and making repeated misrepresentations to subscribers and beneficiaries.

42. As a proximate result of Defendant's breaches of fiduciary duties, Plaintiffs have been harmed and, *inter alia,* have been deprived of rights to Retirement Benefits, and have suffered other economic loss.

43. Plaintiffs are entitled to declaratory, injunctive and other appropriate equitable relief including, but not limited to, an order enjoining Defendant to honor the promise to provide the Retirement Benefits for life for each of the Plaintiffs; to make Plaintiffs whole for all losses resulting from Defendant's breaches of fiduciary duty; and, to cease and desist from violating ERISA's fiduciary duty requirements while further awarding reasonable attorneys' fees and costs.

### *COUNT III*
**TO REDRESS DEFENDANT'S FAILURE TO PAY PROMISED BENEFITS UNDER ESTOPPEL**

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

45. As set forth herein, Defendant made repeated representations to Plaintiffs that if

they retired, upon their retirement they would receive the payment of the monthly Retirement Benefits for life.

46. Plaintiffs reasonably relied to their detriment on Defendant's repeated misrepresentations concerning their entitlement to the Retirement Benefits for life.

47. Extraordinary circumstances exist because the Plaintiffs were repeatedly misled by the Defendant regarding the lifetime term of the Retirement Benefits.

48. By the acts and omissions set forth above, Plaintiffs have been harmed and, *inter alia,* have been deprived of rights to Retirement Benefits, and have suffered and will suffer other economic loss.

49. Failing to enforce the Defendant's representations would constitute a significant injustice.

50. Defendant is estopped to deny that Plaintiffs are entitled to the Retirement Benefits for life.

51. Plaintiffs are entitled to declaratory, injunctive and other appropriate equitable relief including, but not limited to, an order declaring that Defendant is estopped to deny Plaintiffs' Retirement Benefits, declaring that Plaintiffs are entitled to the Retirement Benefits, and that Plaintiffs should receive attorneys' fees and costs.

### *COUNT IV*
### TO REDRESS DEFENDANT'S VIOLATIONS OF ERISA REPORTING AND DISCLOSURE PROVISIONS

52. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

53. Defendant's disclosure obligations under ERISA include furnishing accurate Summary Plan Descriptions ("SPDs"). At no time has Defendant provided Plaintiffs with an SPD with respect to the Plan that meets the requirements of ERISA § 102, 29 U.S.C. § 1022, and

the regulations promulgated thereunder.

54. Because Defendant has been the Plan Administrator of the Plan at all relevant times, it violated ERISA § 104, 29 U.S.C. § 1024, by failing to provide Plaintiffs with adequate SPDs.

55. At no time has Defendant filed an annual report with respect to the Plan with the Secretary of Labor in compliance with ERISA § 103, 29 U.S.C. § 1023, or a Form 5500 and associated schedules and attachments, which the Secretary has approved as an alternative method of compliance with ERISA § 103, 29 U.S.C. § 1023.

56. Because Defendant has been the Plan Administrator of the Plan at all relevant times, Defendant has violated ERISA § 104(a), 29 U.S.C. § 1024(a), by failing to file annual reports with respect to the Plan with the Secretary of Labor in compliance with ERISA § 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments that the Secretary has approved as an alternate method of compliance with ERISA § 103, 29 U.S.C. § 1023.

57. At no time has Defendant furnished Plaintiffs with a Summary Annual Report with respect to the Plan in compliance with ERISA § 104(b)(3) and regulations promulgated thereunder. 29 U.S.C. § 1024(b)(3).

58. Because Defendant has been the Plan Administrator of the Plan at all relevant times, Defendant has violated ERISA § 104(b)(3), 29 U.S.C. § 1024(b)(3), by failing to furnish Plaintiffs with a Summary Annual Report with respect to the Plan in compliance with ERISA § 104(b)(3) and regulations promulgated thereunder. 29 U.S.C. § 1024(b)(3).

59. Defendant's disclosure obligations under ERISA include supplying additional information to beneficiaries, such as Plaintiffs, when requested, under ERISA § 104, 29 U.S.C. § 1024.

60. Defendant's failure to supply adequate and accurate SPDs to Plaintiffs, file Annual Reports with the Secretary of Labor, provide Summary Annual Reports to Plaintiffs, and furnish requested information is redressable under ERISA § 502(c), 29 U.S.C. § 1132(c).

61. Plaintiffs have been proximately harmed by Defendant's failure to comply with federal regulations and the federal common law and with ERISA § 102, 29 U.S.C. § 1022 and with ERISA § 104, 29 U.S.C. § 1024(b)(4), in an amount to be determined at trial, and are also entitled to injunctive and declaratory relief to remedy Defendant's continuing violation of these provisions.

62. The Plaintiffs have incurred - and continue to incur - attorney's fees and expenses in pursuing recovery for the losses they have suffered as a result of each of the foregoing wrongful acts by Defendants. Accordingly, under § 1132(g) of ERISA, the Plaintiffs seek to recover all attorneys' fees and costs of action.

## COUNT V
## COMMON LAW FRAUD

63. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

64. The representations made by Defendant were false regarding the Retirement Benefits being paid to Plaintiffs for life as described above.

65. At the time, Defendant made the representations without any regard for their truth, with the intent that Plaintiffs rely on the representations.

66. Plaintiffs reasonably believed and relied on these representations and, as a result, were induced to retire.

67. As a direct and proximate result of Defendant's actions, Plaintiffs have been injured as follows: Plaintiffs have all retired in reliance on the promised Retirement Benefits, and have not

been paid the Retirement Benefits since January 1, 2016, all to Plaintiffs' damage in an amount within the jurisdictional limits of this court.

68.     The acts of Defendant as described above constitute actual fraud, in that defendant made a false, material misrepresentation, that Defendant either knew to be false or asserted recklessly without knowledge of its truth, with the intent that Plaintiffs act on the misrepresentation. Plaintiffs did indeed act in reliance on Defendant's misrepresentation, and have been injured as a result. Accordingly, Plaintiffs seek exemplary damages under § 41.001 et seq. of the Texas Civil Practice and Remedies Code.

### VII. Prayer for Relief

69.     Wherefore, Plaintiffs pray that this Court:

a.      Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights, in violation of ERISA and the terms of the Plan, including, *inter alia,* ERISA §§ 203, 404 and 503 and applicable regulations;

b.      Enjoin Defendant from engaging in such conduct;

c.      Direct Defendant to immediately recalculate Plaintiffs' Retirement Benefits in accordance with ERISA and/or the Plan as promised to Plaintiffs and to immediately pay benefits wrongfully withheld and to cease and desist from violating ERISA and Plan rules regarding the Retirement Benefits as promised to Plaintiffs;

d.      Direct Defendant to comply with § 503 of ERISA and applicable regulations;

e.      Order monetary relief and such other relief so as to make Plaintiffs whole for all losses caused by Defendant's violations of ERISA and the terms of the Plan and breaches of fiduciary duty;

      f.      Award Plaintiffs exemplary damages in accordance with applicable state and federal law.

      g.      Award Plaintiffs prejudgment interest on all benefits wrongfully withheld as a result of Defendant's failure to comply with ERISA and the terms of the Plan and postjudgment interest at the legal rate after entry of judgment;

      h.      Award Plaintiffs reasonable attorneys' fees and costs pursuant to § 502(g) of ERISA, 29 U.S.C. § 1132(g);

      i.      Award Plaintiffs such other and further relief as the Court deems proper and just.

Respectfully submitted,

**SCHEEF & STONE, LLP**

*/s/ Douglas Bracken*

Douglas C. Bracken
Texas Bar No. 00783697
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Phone: 214-706-4250
Fax: 214-706-4242
douglas.bracken@solidcounsel.com

**ATTORNEY FOR PLAINTIFFS**